# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| JAVIER AVILA-AGUILAR,[1] ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:18-01396 |
| ) | |
| WARDEN, FCI McDowell, ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition be dismissed.

## FACT AND PROCEDURE

**A.    Criminal Action No. 3:08-cr-00174:**

On October 30, 2009, Petitioner was convicted in the District of Oregon of one count of possession with intent to distribute cocaine in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2 (Count Two). United States v. Avila-Agular, Case No. 3:08-cr-00174 (D.Or. May 10, 2010), Document No. 60. The District Court determined Petitioner was a career offender under U.S.S.G. § 4B1.1. Id. On May 10, 2010, the District Court sentenced Petitioner to a 240-month term of

---

[1] The undersigned notes that Petitioner's name is "Javier Avila-Aguilar." The Docket Sheet incorrectly indicates Petitioner's name as "Aguilar Javier Avila." The Clerk is **DIRECTED** to revise the Docket Sheet to reflect the correct spelling of Petitioner's name.

imprisonment, to be followed by a 3-year term of supervised release. Id., Document No. 71. On the same day, Petitioner filed his Notice of Appeal. Id., Document No. 72. By Memorandum Opinion entered on March 10, 2011, the Ninth Circuit Court of Appeals affirmed the Petitioner's conviction and sentence. United States v. Avila-Aguilar, 420 Fed.Appx. 742 (2011). The United States Supreme Court denied Petitioner's petition for writ of certiorari on October 3, 2011. Avila-Aguilar v. United States, 565 U.S. 865, 132 S.Ct. 209, 181 L.Ed.2d 113 (2011).

On November 2, 2020, Petitioner, by counsel, filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Avila-Aguilar, Case No. 3:08-cr-00174, Document No. 134. In support, Petitioner argued that the sentencing court committed "sentencing error that doubled [Petitioner's] Guideline range, combined with his good conduct in custody, and his vulnerability to COVID-19, establishes extraordinary and compelling reasons for a sentence reduction to time served." Id. On November 30, 2020, the United States filed its Response stating that the "government does not oppose compassionate release in this instance [and] the factors weigh in support of release." Id., Document No. 140. By Order entered on November 30, 2020, the District Court granted Petitioner's Motion to Reduce Sentence. Id., Document No. 141. By Amended Judgment Order entered on the same day, Petitioner's term of imprisonment was amended to "time served effective December 3, 2020," to be followed by a 3-year term of supervised release. Id., Document No. 142.

**B.    Section 2255 Motion:**

On December 19, 2011, Petitioner, acting *pro se*, filed in the District of Oregon a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Avila-Aguilar, Case No. 3:08-cr-00174, Document No. 90. The United States filed its Response on January 6, 2012. Id.,

Document No. 91. On February 6, 2012, Petitioner filed a Motion to Withdraw and Resubmit a New Brief of Memorandum of Law. Id., Document No. 92. By Order entered on March 5, 2012, the District Court granted Petitioner's Motion and directed that he file his Brief by April 20, 2012. Id., Document No. 95. On April 18, 2012, Petitioner filed his Memorandum in Support. Id., Document No. 97. As grounds for relief, Petitioner argued as follows: (1) Counsel was ineffective in advising Petitioner to proceed to trial without first reviewing the plea agreement options; (2) "Counsel was ineffective by not moving to suppress the arrest of the defendant and thus removing all events that took place thereafter;" and (3) Counsel was ineffective by failing to "properly present to the Court the various sentences of not only his co-defendants but that of other cases similar in nature." Id. On November 13, 2012, the United States filed its Supplemental Response in Opposition. Id., Document No. 108. By Memorandum Opinion and Order entered on April 18, 2013, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 111. On November 7, 2013, Petitioner filed his Motion to File an Amended Section 2255 Motion and an Amended Section 2255 Motion. Id., Document Nos. 113 and 114. By Opinion Order entered on January 14, 2014, the District Court denied Petitioner's request to file an Amended Section 2255 Motion. Id., Document No. 116.

C. **Instant Section 2241 Petition:**

On November 1, 2018, Petitioner, acting *pro se*, filed his Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241. (Civil Action No. 1:18-cv-01396, Document No. 1.) In his Petition, Petitioner challenges the validity of his sentence based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), Mathis v. United States, 136 S.Ct. 2243 (2016), Descamps v. United States, 133 S.Ct. 227 (2013), Rosales-Mireles v. United States, 138

3

S.Ct. 1897 (2018), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). (Id.) Petitioner argues that due to the recent change in law, Petitioner is improperly classified as a career offender under the Guidelines. (Id.) Petitioner states that his "prior convictions no longer count for enhancement purposes." (Id.) Petitioner, therefore, requests that he be resentenced without the career offender enhancement. (Id.) On September 3, 2019, Petitioner filed a Supplement to his Section 2241 Petition. (Id., Document No. 5.) Specifically, Petitioner states that he wishes to cite Hahn v. Bonita, No. 18-6283 (4th Cir. July 24, 2019) in support of his Section 2241 Petition. (Id.)

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or

4

> the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody[2] and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on December 3, 2020.

Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: January 26, 2021.

Omar J. Aboulhosn
United States Magistrate Judge